# Cox *v.* Smith and Forward.

JUDGMENT AGAINST PRINCIPAL AND SURETY.—Where, in an action against principal and surety on a title bond upon which they are severally as well as jointly liable, separate judgments against each are obtained, but in different amounts, the judgment creditor may insist on the satisfaction of either; but if he accepts the amount of the smaller judgment against the surety and enters it satisfied in full, the debt itself is thereby extinguished, and all recourse on the larger judgment against the principal debtor is gone, although in his entry of satisfaction he expressly reserves "all rights" against the principal debtor on the judgment against him. The attempted reservation under such circumstances is inoperative and void.

Idem.—Equity will enjoin an execution sale under a satisfied judgment to prevent a cloud on title.

Appeal from Marion County.

*Bonham & Ramsey*, for appellants.

*N. B. Knight*, for respondent.

By the Court, Watson, C. J.:

This is a suit to enjoin an execution sale on a satisfied judgment, on the ground that it will throw a cloud over the complainant's title to real property if permitted to take place. The facts are as follows: George W. Cox, as principal, and Gideon S. Cox, the respondent, as surety, executed a title bond in favor of A. E. Smith, the appellant, in the penalty of $4,000. There was a failure to convey, and Smith brought an action on the bond for $2,500 damages. George W. made default, and Smith took judgment against him separately for $2,586 75—the full amount claimed as damages—for want of answer. Gideon S. defended the action, but Smith finally recovered judgment against him also, but only for the sum of $1,856 06 and costs. At the time the judgment against George W. was rendered, he was the owner in fee simple of a certain tract of land in Marion county, upon which said judgment became a lien. On or about March 15, 1882, Smith ordered an execution upon his judgment against Gideon S., but before it was issued the latter paid Smith the full amount of said judgment and costs, and the same was entered satisfied by Smith on the record as follows: "For value received I acknowledge satisfaction in full of this judgment this 18th day of March, 1882, but reserve all rights against G. W. Cox on said judgment against him." On the 31st of the same month, Geo. W., to reimburse Gideon S. in part for the money he had been compelled to pay Smith, by reason of his having

been surety on said bond, conveyed to him his title to said realty above mentioned. Afterwards, on the 15th day of August, 1882, Smith caused the execution sought to be enjoined by this suit, to be issued on the judgment against George W., and delivered to the appellant Forward, sheriff of said county, for service, who levied it upon said realty, and threatens to sell the same to satisfy a balance claimed to be still due on said judgment, being the difference between the face thereof and the amount received from Gideon S. in satisfaction of the smaller judgment against him.

In view of the authorities, it can hardly be deemed a debatable question as to whether the satisfaction of the judgment against Gideon S. also operated as a satisfaction and discharge of the judgment against George W. for the same debt. The fact that it was lesser in amount, and that Gideon S. was in fact but a surety, can have no effect upon such result. The payment and acceptance of the amount due upon the smaller judgment, in satisfaction, and its actual discharge by entry of satisfaction on the record, operated to extinguish the debt itself. And whether the debt was represented in one only, or in many judgments, its extinguishment by payment and satisfaction in respect to one judgment would have the same effect as to all the rest. Although a creditor may recover many separate judgments for the same debt against parties severally liable, he can have only one satisfaction; and a payment by one, attended by satisfaction of the judgment against him only, operates in law as a satisfaction and discharge of all the others. They are regarded as being merely cumulative. (Freeman on Judgments, sec. 467; *Sheldon* v. *Kibbe*, 3 Conn., 214; *Baker* v. *Lovett*, 6 Mass., 78; *Sherman* v. *Brett*, 7 Wis., 139; *The First National Bank of Indianapolis*

v. *The Indianapolis Piano Manufacturing Co.*, *et el.*, 45 Ind., 5.)

The judgment creditor may insist on the satisfaction of either judgment; but having accepted satisfaction of a particular one, all recourse on the others, however much larger or more favorable to his interests, is gone. And the attempted reservation of "rights" with respect to the other judgments, was necessarily inoperative, as they had all merged in the satisfaction, and were no longer in existence.

Only one of the cases cited by counsel for the appellants conflicts with this view, and it is clearly contrary to the weight of authority. This is the case of *Tompkins* v. *Ferguson*, 10 Rich., (S. C. Law) 424. The reasoning upon which this decision rests is by no means satisfactory, and as already stated the decision itself is not in accordance with the overwhelming preponderance of judicial opinion on the subject. The remaining authorities cited by counsel for the appellants relate to the effect of a release of a surety, or one of two several obligors, or joint obligors, reserving expressly every right to proceed against the other on the joint obligation. But these cases are not to the point we are here considering. The contract is neither discharged nor the debt extinguished. The reservation of the right to proceed against others, implied in the first two instances, and expressly stipulated for in the last, entitles the creditor to seek satisfaction from the others severally or jointly liable, unaffected by the release. But if he has received actual satisfaction of the debt, he can have no such recourse, and the attempted reservation thereof would be entirely unavailing. (*Bones* v. *Aiken and Powell*, 35 Iowa, 534.) That a cloud on the respondent's title would result from allowing the sale to proceed and the sheriff's deed to be executed to the purchaser thereat, is hardly doubtful. What

effect should be ascribed to the entry of satisfaction by the judgment creditor, in the margin of his judgment, as showing from the record itself the invalidity of any subsequent proceedings thereon, and of any claim of title derived through them, it is needless now to inquire. The record of the judgment against George W. Cox upon which the execution sought to be enjoined in this case was issued, shows no entry of satisfaction, and even if such an entry could be deemed sufficient as a record to show the invalidity of subsequent proceedings upon the judgment to which it relates, in any case, it is obvious that no such question is involved here. While the satisfaction in fact of the judgment against the respondent, Gideon S. Cox, operated in law to extinguish the judgment against George W. Cox, it had no greater effect by being entered on the margin of the former judgment, than it would have had without; and such entry would not be even constructive notice of such satisfaction to a purchaser at a sale under the judgment against George W. Cox. The invalidity of the title acquired at such sale would not, therefore, appear upon the face of the proceedings through which it would be derived. The payment and entry of satisfaction on the margin of a different judgment would have no greater effect than actual payment and satisfaction of the debt represented by both judgments, in any other mode and not entered upon any record. And in such cases courts of equity will interfere to prevent clouds on titles, and grant the necessary relief. (2 Story's Eq. Jur., sec. 876; *Brinkerhoff* v. *Lansing*, 4 Johns. Ch., 69; *Bowen, et al* v. *Clark*, 46 Ind., 405; *Meyer* v. *Tully*, 46 Cal., 70; *Shaw* v. *Dwight*, 16 Barb., 536.) We are satisfied with the correctness of the decree appealed from, and that we should affirm it; and it is so ordered.

Decree affirmed.