SOLOMON ADLER ET AL., Respondents, v. CHRISTOPHER LANG ET AL., Appellants.

### St. Louis Court of Appeals, May 17, 1887.

1.  NOTICE, JUDICIAL—RECORDS OF OTHER CAUSES—EVIDENCE.—The trial court can not take judicial notice, in one cause, of the contents of the record in another cause pending before it, but such other record must be offered in evidence.

2.  PRACTICE—MOTION FOR ORDER ON SHERIFF—PLEADING.—A written motion for an order on the sheriff to pay over to the plaintiff funds in the former's hands, is not a pleading, but is in the nature of a suggestion to the court, and the plaintiff must prove the facts therein stated, unless their truth is expressly admitted.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Reversed and remanded.*

MARTIN, LAUGHLIN & KERN, for the appellants.

NATHAN FRANK, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

This is an appeal from an order of the circuit court, made upon the sheriff of the city, commanding him to pay the sum of twelve hundred and fourteen dollars, on demand, to the plaintiffs.

The only point made by the appellants is, that the transcript of the record before us does not warrant the order.

The record, by its title, appears to be a record in a cause wherein Solomon Adler and Jacob Frank were the plaintiffs, and Christopher Lang the defendant, and begins with a recital that, on a certain day, a certain motion was filed therein, requiring the sheriff to pay over to them the sum of twelve hundred and seventy-six dollars, realized by the sheriff from the sale of attached property. The motion then, in detail, sets out the title of the plaintiffs to said fund.

The order made by the court, upon this motion, is not in the record. It appears, however, that the sheriff did, afterwards, appear and make a written return thereto, wherein he set out in detail the manner in which the fund came into his hands, and the disposition he made thereof, and that, prior to the service of the order of the court upon him, he had paid out all of the funds to the attachment debtor, partly prior to, and partly after, the final dissolution of the attachment.

The sheriff's return was denied by general reply.

Upon the hearing of the motion, the sheriff gave evidence substantiating the facts stated in his return, and the plaintiffs gave no evidence, whatever, showing any title to the fund. They, evidently, proceeded on the theory that the facts stated in their motion were not controverted by the sheriff's return, and, therefore, admitted. This is a misconception of the entire proceeding. The sheriff does not plead to the motion, but to the order. The sheriff's return is an admission of the facts stated in the return itself, and no more. Whether the sheriff's return, as a matter of law, showed such disposition of the funds made by him as he was legally authorized to make, is one question, and whether the plaintiffs have shown themselves entitled to the fund is another, and entirely different, question; and it is evident that the order of the court is devoid of all legal

foundation, unless the record and evidence permit this last question to be answered in the affirmative.

It would seem, from the respondents' argument, made before us, that they claim this fund, and that it was awarded to them by the court because they are assignees of it, by operation of law, owing to some extraneous matters forming no part of the record of the case in which this order was made. If so, they should have offered evidence to that effect. The record recites that it contains all the evidence offered, and it appears that it contains no such evidence, as all the evidence offered bears only on the question whether or no the facts set out in the sheriff's return are true. We are aware of no principle on which the trial court could take judicial notice of the contents of records in other cases bearing upon this controversy, without such records being offered in evidence.

The whole difficulty seems to arise out of a misconception of the rules governing this class of proceedings. There are no pleadings in the case, with the exception of the sheriff's return to the order. The plaintiffs' motion is a mere suggestion to the court, and, unless the order can be supported by the admissions contained in the sheriff's return, or by facts appearing on the face of the record in the case wherein the order is made, it must rest upon substantial evidence, showing a right of recovery in the plaintiffs. As there is nothing in the sheriff's return, nor in the record proper, to support the order, and no other evidence warranting it has been offered by the plaintiffs, the judgment must be reversed.

The judgment is reversed and the cause remanded. Thompson, J., concurs; Lewis, P. J., is absent.