Solomon Adler *et al.*, Respondents, v. Christopher Lang *et al.*, Appellants.

### St. Louis Court of Appeals, January 3, 1888.

1. Sheriff—Duties Concerning Attached Property—Subrogation of Attachment Plaintiff to Rights of Successful Claimant, When Proper.—The sheriff levied an attachment upon property which the debtor had previously assigned by a valid instrument, that was duly recorded. The assignee claimed the property, whereupon an indemnifying bond was given by the attachment plaintiffs, who are plaintiffs in the present proceeding. The sheriff sold the property under an order of court, realizing as proceeds more than enough to satisfy the attachment, and paid over the surplus to the attachment debtor. The assignee sued these plaintiffs on their indemnifying bond, and recovered judgment for all the proceeds of the sale, which judgment was paid by the plaintiffs. The plaintiffs then moved for an order directing the sheriff to pay over to them the proceeds of the sale. *Held :* (1) The sheriff had notice that the attachment debtor had no claim on the property or its proceeds, and his payment to him of the surplus was wholly unauthorized. (2) The plaintiffs, having satisfied the judgment on the indemnifying bond, were entitled to be subrogated to the assignee's claim upon the property or its proceeds. (3) Under Revised Statutes, section 425, the court was warranted in making the order moved for, as a proper disposition of the fund.

2. Practice—Frivolous Appeal.—When an appeal is wholly unwarranted, the judgment should be affirmed, with ten per cent. damages.

Appeal from the St. Louis Circuit Court, Hon. George W. Lubke, Judge.

*Affirmed, with damages.*

MARTIN, LAUGHLIN & KERN, for the appellants: As to the $491 surplus of the excessive levy, the payment of the same by the sheriff was lawful, and relieves him from all further responsibility. *State ex' rel. v. Emerson*, 74 Mo. 607. After dissolution of the attachment, the sheriff is bound to return the attached property; his bailment is ended. Drake on Att. 426; *Snead v. Wegman*, 27 Mo. 176. The defendant in the attachment from whom it was taken, is *prima facie* the proper party to receive it. *State. v. Fitzpatrick*, 64 Mo. 185. The plaintiffs never had possession, they had only a lien which ceased to exist after dissolution of the attachment. The plaintiffs did not acquire title by virtue of their bond and judgment against them and payment thereof. The doctrine of subrogation, or passage of title by operation of law, does not apply to a judgment of this kind. The plaintiffs paid the judgment in pursuance of their contract to do so, and have no recourse on the property. *State to use v. Merritt*, 3 Mo. App. 579. The sheriff paid the money to the defendant in the attachment suit before the plaintiffs obtained any title to the proceeds, and before notice of any pretended title to the same. After dissolution of an attachment the sheriff can return the proceeds of the attachment to the defendant without order of court. It is his duty to do so.

NATHAN FRANK, for the respondents: The sale did not change the ownership, but simply its form. *Oeters v. Aechle*, 31 Mo. 383. The proceeds of the sale are retained by the officer, to be disposed of as the property itself would have been, had it remained in specie. *Iron Co. v. Mason*, 16 Mo. App. 320. Where one sues for damages in the action of trover the value of his property, judgment, execution, and satisfaction will pass the title to the property to the defendant in execution. *Carter v. Feland*, 17 Mo. 391; *Maguire v. Marks*, 28 Mo. 193. In the case of *State to use v. Langdon* (57 Mo. 353), the court passed upon a question from which this court may

readily reason out the rights of the plaintiffs in this action. See, also, *State ex rel. v. Koonts*, 83 Mo. 330; *Groschke v. Bardenheimer*, 15 Mo. App. 360; *Krippendorf v. Hyde*, 110 U. S. 276.

Rombauer, J., delivered the opinion of the court.

Solomon Adler and Jacob Frank, plaintiffs herein, sued Christopher Lang in an action of attachment in December, 1884. The cause of action was founded on an account in the sum of $562.35, which was the amount sworn to in the affidavit for attachment.

Issue was joined by plea in abatement, and on the second of January, 1886, the trial of that issue resulted in a finding and judgment in favor of defendant, abating the attachment at the cost of the plaintiffs and their sureties, and ordering execution against them for costs.

Under this attachment the sheriff had seized eleven hundred and fifty-five pairs of men's assorted shoes, and on the twenty-ninth day of December, 1884, had, under order of court, sold the property so levied upon, realizing the sum of twelve hundred and seventy-six dollars.

An appeal was taken from the judgment of the circuit court, which resulted in an affirmance thereof.

On the eighteenth day of February, 1885, the sheriff having in his hands more than was sufficient to satisfy the plaintiffs' demands in the attachment case, paid over to the defendants' attorney the sum of four hundred and ninety-one dollars, reserving what he thought sufficient to answer the purposes of the attachment. After the judgment was affirmed in this court he paid over to the defendants' attorney the balance of the fund, being seven hundred and twenty-three dollars, on the seventh day of April, 1886.

On the tenth day of July, 1886, the present motion was filed by plaintiffs for an order on the sheriff to pay over to the plaintiffs the whole proceeds of the sale. The sheriff resisted the application of the plaintiffs in a long return to the alternative order, in which he set out substantially the foregoing facts of the attachment, levy,

sale, dissolution of attachment, and payment of the money to Lang.

To this return the plaintiffs filed an answer or denial, in which, after denying generally the facts of the return, they pleaded special matters, to the effect that on the eighteenth day of December, 1884, H. L. Edmunds made claim to said property, as assignee of Lang under a deed of assignment from said Lang to him for the benefit of creditors of said Lang, dated December 9, 1884; that thereupon the sheriff demanded of the plaintiffs a bond of indemnity under the provisions of the act of March 3, 1855, applicable to the city and county of St. Louis, to indemnify said claimant against any loss or damage by reason of the seizure and sale of said goods ; that, on the thirteenth day of December, 1884, plaintiffs gave a bond of indemnity as required, which was approved by said sheriff ; that, on the sixteenth of December, 1884, said sheriff procured from court an order of sale ; that said property was sold on the twenty-ninth of December, 1884, for the sum of $1,276 ; that, afterwards, on the fifth day of January, 1885, said Edmunds brought suit on said bond of indemnity, given as aforesaid by plaintiffs, against these plaintiffs, and on the second day of January, 1886, obtained judgment thereon in the sum of $1,356.81 ; that appeals were taken in the attachment case and in the action on the bond for indemnity, to the St. Louis Court of Appeals, where judgments in both cases were affirmed ; that, upon the mandates coming down, executions were issued against these plaintiffs upon the judgment recovered against them as aforesaid, and that plaintiffs paid said judgment in the sum of $1,464.92 ; that thereafter, on the twenty-ninth of April, 1886, judgment was rendered for plaintiffs against Lang on the merits of their action in the sum of $607.35 ; that, immediately after the payment of said sum of $1,464.92, on execution as aforesaid, these plaintiffs notified the sheriff to hold for their benefit the amount of money realized in the attachment suit, and to pay the same

over to plaintiffs ; that, upon refusal of the sheriff to pay over said money, plaintiffs filed their motion for the ·order herein.

To this denial the sheriff made reply of general ·denial.

On the trial of the motion the facts relating to the suits and records appeared substantially as alleged in the pleadings.

· The present motion for an order on the sheriff was filed July 10, 1886.

It does not appear from the evidence that Lang made any claim on the sheriff for exemption under the ·execution held by him, although he was notified of his right.

It appears from the testimony of the assignee that Lang claimed exemption, and that it was paid to him by the assignee in the sum of three hundred dollars out of the goods received under the assignment. On this evidence the court rendered its peremptory order on the sheriff to pay to plaintiffs the sum of $1,214, being the sum of $1,276, realized by him in his sale of the property attached, less sixty-two dollars, expended by him for costs.

From this order and judgment he appeals.

When this case was last before us (26 Mo. App. 226), we remanded it because the record failed to show the facts whereon the order or judgment of the trial court was based. That defect has been remedied upon retrial, and the only question before us is whether the ·order is warranted by the uncontroverted facts thus appearing.

The appellant contends that he was bound to return the four hundred and ninety-one dollars first paid, because to that extent the levy was clearly excessive ; that if the levy was made on the theory that the defendant in the attachment would claim his exemptions out of the goods seized, and, therefore, not excessive in its inception, it became clearly excessive after the sale, because the right of the defendant to claim any

exemption was terminated by the sale, citing *State ex rel. v. Emmerson* (74 Mo. 607).

The appellant further contends that, after the dissolution of the attachment, the sheriff is bound to return the attached property, and that the defendant in the attachment from whom the property was taken is *prima facie* the proper party to receive it, citing in support *State to use v. Fitzpatrick* (64 Mo. 188).

The case cited in support of the first point merely decides that, where specific property exempt from execution is levied upon, the claim of exemption may be made at any time before close of the sale. The case cited in support of the second point expressly decides that an officer is liable upon his official bond for not returning the property attached after dissolution of the attachment against A, to A's vendee, when he is advised of the transfer, even though such transfer took place after the seizure of the property.

The sheriff could not justify his action under the propositions decided in either of these cases, because here no part of the property levied on was specially exempt, and he had notice of the transfer of the property levied on to the assignee, Edmunds, both by the claim of such assignee, and the record of the deed of assignment. His payment of the proceeds to Lang's attorney was, therefore, wholly unjustified on any theory.

These considerations present themselves, regardless of the statute on the subject of attachments. That statute expressly provides, that in cases of the sale of attached property, the proceeds of such sale shall be paid into court, or otherwise disposed of as the court or judge may order. Rev. Stat., sec. 425. There is no pretense that the defendant made disposition of these funds in conformity with the statute as it was his clear duty to do, nor can it be said, under the cases above referred to, that he made such disposition of it as the law contemplates should be made, regardless of the statute, even if such disposition were a defence to this motion,

on which point we deem it unnecessary to express an opinion.

It thus appearing that the sheriff's disposition of the funds was unjustified, and is no defence to his position in the present proceeding, the only remaining inquiry is, whether plaintiffs have shown a title to the fund.

On that head the defendant claims that the title of subrogation or passage of title by operation of law does not apply to a judgment of this kind.

It is conceded that if Edmunds, instead of taking an indemnity bond and recovering judgment thereon, had brought his action for conversion of the property, the title to the property, or its proceeds, upon satisfaction of the judgment in trover, would have been vested in plaintiffs. On what sound, legal principle the result can be different, because the action is one in contract upon the bond, we are not advised. The result in either event is the same. Edmunds has been fully paid for the property wrongfully taken from him, and has no claim upon it or its proceeds. Lang had transferred all his claim to the property prior to its seizure to Edmunds, and has consequently no claim to the property or its proceeds. The only parties who are in position to maintain any claim to such property are the plaintiffs.

The provision of the statute making the proceeds of such property subject to the order of the court was designed for the very purpose of enabling the court to make such disposition thereof as the equities of the case may demand—provided no paramount legal rights of any one intervene.

It results that the peremptory order made by the court upon the sheriff is the only proper order which the court, under the facts of the case, could have made, and its judgment in that behalf must be affirmed.

We are asked to affirm the judgment with damages. The plaintiffs have been deprived of the use of funds to which they have shown themselves clearly entitled

since the last trial of the motion, and as the trial court decided that the sheriff was, under the facts of the case, not liable for interest have lost the interest on their claim since the date of their first demand. The first appeal taken by the sheriff was justified, since the plaintiffs failed to show any title to the fund. The second appeal was wholly unwarranted.

Judgment affirmed with ten per cent. damages. All concur.