---

## HARRIS *v*. WATSON.

### Opinion delivered November 12, 1892.

1. *Administration—Sale of homestead—Subrogation.*

One who merely *purchases* at administrator's sale land set apart by the probate court as the homestead of minor children of a deceased person is not guilty of a violation of the act approved April 25, 1873, which made it a misdemeanor for an administrator to *sell* land so set apart, and such purchaser is entitled

to be subrogated to the rights against the estate which were held by the creditors whose claims his money has paid.

*Bond* v. *Montgomery, ante,* p. 563, followed.

2. *Limitation—Suit against legatees and distributees.*

Section 470 of the Civil Code, which limited the period within which a creditor of a deceased person, who has failed to appear before the commissioner appointed by the chancery court and prove his claim, might bring a direct action against the legatees or distributees, was impliedly repealed by art. 7, sec. 34, of Const. 1874, which gives to probate courts exclusive jurisdiction of matters of administration of the estates of deceased persons.

3. *Subrogation—Parties.*

Creditors, to whose rights a purchaser at a void probate sale seeks to be subrogated, are necessary parties to a suit to obtain such subrogation.

Appeal from Jackson Circuit Court in Chancery.

JAMES W. BUTLER, Judge.

## STATEMENT BY THE COURT.

E. L. Watson filed his complaint in the Jackson circuit court in chancery on the 11th of August, 1887, and stated therein that "John Harris died in 1872, leaving as his heirs Benjamin Harris, John G. Harris and Elizabeth Harris, leaving also considerable personal estate to the value of about $5000 ; that, on the same day, Frank Wishon was appointed administrator. That the intestate owed about $12,500; and to the plaintiff $342.89, also to Watson & Weast $529.73, Watson & Son $728.25, and Watson & Ingalls $225.45; which had been assigned to plaintiff, making in all $2026.32, inclusive of interest. That Wishon made a final settlement with the probate court, showing a balance due of $166.02. That, on the 14th day of May, 1880, J. R. Loftin was appointed administrator in his stead. That when intestate died he owned the following lands : Northwest quarter of northeast quarter, section 31, southwest quarter, south half of northwest quarter, north half of southeast quarter of southeast quarter, section 30, town-

ship 14 north, range 1 west. That the son, J. G. Harris, and daughter, Elizabeth Harris, were infants when he died, and that the east half of southwest quarter and west half of southeast quarter of section 30 were set apart by the probate court as a homestead until the infants should become twenty-one years of age. That, the personal property proving insufficient to pay the debts, Loftin obtained an order from the probate court at the July term, 1880, to sell the homestead subject to the right of the infants. That the lands were accordingly sold on the 4th day of September of the same year to the plaintiff, he paying for the east half of southwest quarter $534.00, and for the west half of the southeast quarter $534.00, which sums were paid to the said administrator.

"That, on the 13th day of October, 1880, the sale was approved, and the court ordered a deed to be executed to the plaintiff, which was accordingly done May 6, 1881. That the sum thus paid by plaintiff was applied to the extinguishment of the debts of the estate *pro rata*, leaving a large part of the debts unpaid. That Loftin afterward made a final settlement with the court, and was discharged, and that Robert Brown had been appointed administrator ; but that he had no other assets in his hands, except said homestead, which had been unlawfully sold. That said infants have now become of full age. That plaintiff has become subrogated to the rights of the creditors to the amount of his bid, $1068.00, with interest from the 4th day of February, 1881.

"Plaintiff prayed that the lands be sold, that the proceeds be applied to paying his debts, and that the residue, if any, be paid to said administrator."

The defendants answered, alleging, among other things, that the children of John Harris, deceased, arrived of age as follows : Benjamin Harris on the 30th day of March, 1887, J. G. Harris on the 19th of July, 1880, and

Elizabeth Harris on the 30th of July, 1883; and that plaintiff did not sue within two years after his cause of action accrued. They also demurred to the complaint.

After hearing the evidence adduced by both parties, "the court found that the ages of the children were proved as stated, and that the homestead had been duly set apart by the probate court; that the plaintiff took nothing by the purchase of the homestead, but that he was entitled to be subrogated to the rights of the creditors to the amount of $1068, deducting the amount of $147.41 received by plaintiff as a creditor, leaving a balance of $920.59, which was allowed to bear interest at the rate of six per cent. from February 4, 1881, making the amount due at the date of the decree $1486.69. The court decreed that the same be a lien on the land, that it should be sold for the payment thereof, and that the defendants pay the cost of the suit. The defendants appealed."

*U. M. & G. B. Rose* and *S. R. Allen* for appellants.

1. It is admitted that where a sale is merely void, but the property is sold to pay a debt that is justly due, and the property is subject to sale to pay the debt, the right of subrogation exists. 29 Ark. 47; 50 *id.* 361. But the property sold must be subject to sale for the payment of the debt for which it is sold. Freeman, Void Jud. Sales, sec. 35. The sale in this case was an absolute nullity. 47 Ark. 454. And against public policy. *Ib.*

2. Gantt's Digest, sec. 3162, is in force yet.

3. *Nichols* v. *Shearon*, 49 Ark. 76, goes to the verge of the law. In this case Watson was purely a volunteer, and not entitled to subrogation. 25 Ark. 129; 44 *id.* 507; 47 *id.* 112; 53 *id.* 109.

4. All persons aiding in the commission of a misdemeanor are principals. Watson was a purchaser and instigator of the sale, and liable to indictment. Gantt's Digest, sec. 3162; 18 Ark. 198; 45 *id.* 361; 47 *id.* 188; 49

*id.* 160. He cannot, therefore, come into equity with clean hands, claiming the right of subrogation. 1 Pom. Eq. sec. 402; 1 Whart. Cont. sec. 340; 4 Dill. 207; 13 Wall. 523; 5 Barb. 616; 53 Ark. 275.

5. The claim is barred by limitation. The statute allows two years for the probate of claims and two years more for the pursuit of heirs and distributees, and no more. Civil Code. sec. 470. This section has never been repealed. 40 Ark. 440.

*Robert Neill* and *J. M. Moore* for appellee.

1. The homestead became subject to sale for the payment of debts when the youngest child became of age. The heirs took subject to the debts of their ancestor. 48 Ark. 237–8; 47 *id.* 452.

2. The sale was void, but appellee paid his bid, which was used by the administrator in paying debts of the estate, and he is entitled to be subrogated to the rights of the creditors whose debts he has paid. 29 Ark. 47; 49 Ark. 76.

2. One who purchases at a void judicial sale, and pays his money in good faith, is not regarded as a volunteer. 50 Ark. 365; 33 *id.* 490; 45 *id.* 153; 47 *id.* 430; 53 *id.* 559; Sheldon on Subrogation, sec. 209; Freeman, Void Jud. Sales, 52–53; 29 Mo. 152; 1 Dev. & Bat. Eq. 425.

3. The act of 1873 was repealed by the Constitution of 1874. But if in force, it is directed only against the *seller.* 45 Ark. 366.

4. Sec. 470 of the Civil Code is repealed by the Constitution of 1874. There is no statute bar against the enforcement of claims allowed by the probate court. 54 Ark. 67; 37 *id.* 158; 48 *id*, 282.

BATTLE, J., after stating the facts as above reported.

1. Purchaser at void sale entitled to subrogation.

The sale of the lands, which were occupied by John Harris as a homestead at the time of his death, and were set apart by the probate court to his minor children until

they should become of age, was void. The purchaser did not commit any offense under the Act of the General Assembly, numbered 105 and approved April 25, 1873, by attempting to buy the land. He stands as though the effort to sell was not made a criminal offense, and is entitled to be subrogated to the rights against the estate which were held by the creditors whose claims his money has paid. *Bond* v. *Montgomery, ante,* p. 563.

Appellants insist that this action is barred by limitation, and to sustain this contention rely upon section 470 of the Code of Practice in Civil Cases. This section is a part of chapter 3 of title 10 of the Code, which provided for the settlement of the estates of deceased persons. Section 465, which is the first section of that chapter, provided that "the personal representative, heir, devisee, legatee, distributee or creditor of a deceased person may institute an action by equitable proceedings for the settlement of his estate, and in such action may make all having an interest in the estate and settlement defendants." Section 467 provided that the court shall make an order in all such actions "for the creditors of such decedents to appear before a commissioner, to be appointed by the court, and prove their claims by a certain day to be named in the order." Section 468 provided that "a creditor appearing before (a) commissioner, and presenting his claims, becomes thereby a party to the action, and is concluded by the final judgment of the court allowing or rejecting his claim;" and section 469 provided that "creditors failing to appear and prove their claims, agreeably to such order, shall have no claim against the executor or administrator, who has actually paid out the estate in expenses of administration, and to creditors, legatees or distributees." Section 470 then provided: "Legatees and distributees shall be liable to a direct action by a creditor to the extent of (the) estate received by each of them, notwithstanding the failure of the cred-

2. Limitation to suit against legatee or distributee.

itor to appear, and the discharge of the personal repre-
sentative, as prescribed in the preceding section ; and
*that liability* shall continue for the same period that the
liability of the personal representative would have con-
tinued but for said discharge." It is obvious that the
liability referred to in the last section is the liability of
the legatees and distributees to the creditors who did
not appear before the commissioner and present his claim
in the actions by equitable proceedings for the settlement
of the estates of the deceased persons mentioned in the
preceding sections ; and that section 470 did not limit the
continuance of any other liability. As the five preced-
ing sections were impliedly repealed by the Constitution
of 1874, which gives to probate courts exclusive jurisdic-
tion of matters of administration of the estates of deceased
persons, such limitation is not in force in this State, and
does not affect this action.

3. Parties to suit for sub-rogation.     Appellee failed to make the creditors, to whose
rights he seeks to be subrogated, parties to this action.
It is evident they were necessary parties. It would be a
violation of natural justice to dispose of their rights
without affording them an opportunity to be heard. As
they were not made parties, we will not undertake to
decide what the rights of appellee as to them are, under
the peculiar facts of this case.

On account of this defect in the parties to this action,
the judgment of the court below is reversed, and the
cause is remanded for further proceedings.