Aultman, Miller and Company, Appellant, v. Alfred
L. Bishop et al., Appellees.

Filed February 2, 1898.   No. 7730.

1. **Subrogation.** "The doctrine of subrogation is not administered
by courts of equity as a legal right, but the principle is applied
to subserve the ends of justice and to do equity in the particular
case under consideration. It does not rest on contract, and no
general rule can be laid down which will afford a test in all
cases for its application. Whether the doctrine is applicable to
any particular case depends upon the peculiar facts and circum-
stances of such case." *South Omaha Nat. Bank v. Wright*, 45 Neb.
23, and *Rice v. Winters*, 45 Neb. 517, followed.

2. ———: Parties. The party to whom the debt of another has been
paid, the payment of which furnishes the basis of the claim for
subrogation, is a proper and necessary party to the action for
subrogation.

3. ———: Mortgages: Attachment. One Bishop, engaged in busi-
ness, gave a mortgage on his stock in trade and other personal
property to D., W. & Co. A., M. & Co., to whom Bishop was in-
debted, very soon afterward began an action against him in which
it procured a writ of attachment to issue and its levy on the
stock in trade and personal belongings of the tradesman. D., W.
& Co., predicating its right and title to the property on the mort-
gage by Bishop to it, commenced an action in a court of Iowa
wherein it alleged the conversion of the property by A., M. & Co.
The plaintiff recovered a judgment for the value of the property,
such value being fixed by the verdict. The judgment was paid by
A., M. & Co. One of the grounds for attachment in the suit in
this state was the alleged fraudulent transfer or disposal of the
property by Bishop, the mortgages to D., W. & Co. furnishing the
basis for said allegation. A motion was filed to discharge the
attachment, which, on hearing, was overruled, and subsequent to
the judgment rendered against it in Iowa, A., M. & Co. prose-
cuted the suit and attachment in this state to final judgment.
After payment of the judgment rendered by the Iowa court, A.,
M. & Co. instituted this action in the same court in which it had
its judgment and order to sell the property under attachment.
The object sought in this action was its subrogation to the rights
of D., W. & Co. under the mortgages under which the last men-
tioned company had asserted and been accorded rights in the
suit in Iowa. *Held*, That the subrogation was properly allowable
as to the right to subject the property to the payment of the sum
which A., M. & Co. had paid to extinguish the Iowa judgment, but
not to receive a deficiency judgment against Bishop or enforce

39

payment by him personally of any balance of such amount remaining after the application of the proceeds of the property to the payment thereof.

APPEAL from the district court of Hamilton county. Heard below before WHEELER, J. *Affirmed.*

*Hainer & Smith,* for appellant.

*Howard M. Kellogg,* contra.

HARRISON, C. J.

The plaintiff in its petition filed in this action in the district court of Hamilton county pleaded that Alfred L. Bishop, of defendants, was for two years prior to November 24, 1890, engaged in business in the city of Aurora, in this state, selling at retail agricultural implements, musical instruments, sewing machines, buggies and wagons, etc., and that on the said date he was indebted to plaintiff in sums aggregating about $1,600 for purchases of it of certain portions of the articles which he had in stock for sale; that Deere, Wells & Co., of Council Bluffs, Iowa, did business in this state, and under the same firm name and style and on the 17th of December, 1890, the defendant Bishop executed and delivered to Deere, Wells & Co. two chattel mortgages, each, according to its words and figures, being for the purpose of securing the payment to the designated mortgagee the total sum of $13,115.22 in stated sums and at fixed dates. In one of the mortgages as the property thereby subjected to a lien there was described specifically the articles which the mortgagor then had, as a dealer, for sale and in the other certain enumerated stock of the horse kind.　It was also alleged that on December 26, 1890, the plaintiff instituted an action in the district court of Hamilton county against said Bishop to recover an alleged balance then its due from him in the sum of $1,673.44, and at the same time filed in said action its affidavit in attachment, stating therein, among other things, that

the defendant had made a fraudulent disposition of his property; that plaintiff procured a writ of attachment to issue and to be levied on certain property, which was. that included and described in the mortgages to Deere, Wells & Co.; and that on March 27, 1893, during the pendency of a term of the said district court, on a full hearing of the cause on its merits, Bishop was adjudged indebted to plaintiff in the sum of $1,031.90 and the attached property was ordered to be sold and the proceeds applied in satisfaction of the judgment; that said judgment is still in full force and effect; that no appeal has been taken therefrom and no part has been collected or paid. It was further averred that during the year 1891, Deere, Wells & Co. commenced an action against plaintiff in a district court of Iowa to recover of and from the plaintiff the value of the property which had been taken for plaintiff under the writ of attachment in this state in its action against Bishop; that Deere, Wells & Co. claimed ownership of the property under and by virtue of the two chattel mortgages executed and delivered to it by Bishop; that issues were joined in the action in the Iowa court and a trial had which resulted in a judgment in favor of Deere, Wells & Co. in the sum of $3,500, which the plaintiff of the present action afterwards paid in full, together with the costs, $155.46; and that Deere, Wells & Co. had received the amount of the judgment from the clerk of the court, to whom it was paid by the plaintiff herein; that Alfred L. Bishop attended at the trial of the cause in Iowa and was a witness therein on behalf of Deere, Wells & Co., "and aided, abetted, and assisted Deere, Wells & Co. in obtaining the said judgment." The prayer of the petition was as follows: "Wherefore plaintiff prays that it may be ordered, adjudged, and decreed by this court that plaintiff by operation of law succeeded to all the rights of the defendant Deere, Wells & Co. under and by virtue of the terms of said chattel mortgages as to all of such property that said Deere, Wells & Co. procured the value of in the action of con-

version tried in said district court of Pottawattamie county, and that plaintiff be subrogated to each and all of the rights of said Deere, Wells & Co. and be permitted and allowed to foreclose said chattel mortgages so far as relates to the property which was taken into consideration upon the trial of said action of conversion; that said defendants, and each of them, may be barred and foreclosed of all equity of redemption and other interest in or to said mortgaged property; that an account may be taken of the property now in the hands of the sheriff and being held under and by virtue of the order of attachment issued in the cause pending in this court, and that said property may be sold according to law and out of the proceeds thereof the plaintiff be allowed a credit upon the amount he paid to said Deere, Wells & Co. upon the judgment aforesaid, and that defendant Alfred L. Bishop be adjudged to pay any deficiency which may remain after applying the proceeds of said sale toward the payment of the amount of said judgment, together with interest and costs; that it further be ordered that the sheriff of this county sell said property under the order of this court in this cause; that the property be released from the order made in the case wherein the plaintiff was plaintiff and the defendant Alfred L. Bishop was defendant and heretofore tried in this court, and that an order releasing said property from the attachment proceedings as heretofore alleged be made without prejudice to any right of plaintiff to enforce said judgment for the full amount thereof and to the same extent as if no order had been made for the sale of the attached property, and for such other, further, or different relief as may be just and equitable in the premises."

To this petition for Alfred L. Bishop there was the following answer: "The defendant Alfred L. Bishop, for answer to the petition of the plaintiff herein, admits that he was in business in Aurora, Nebraska, prior to November 24, 1890, as alleged; admits the bringing of a suit against him by plaintiff, the issuance and service of an

attachment therein, the seizure of goods thereon, and the rendition of final judgment in this court in said action as alleged.    He admits that Deere, Wells & Co. commenced an action against this plaintiff in Pottawattamie county, Iowa, and that he testified as a witness in said action, and that the judgment rendered therein has been paid by the plaintiff.    He alleges that in the action brought against him in this court by the plaintiff, the pleadings, record, and proceedings in which are made a part of the petition herein, he filed a motion and affidavit for the discharge of. the attachment theretofore issued; that a full hearing was given thereon, upon both affidavits and oral testimony; that to sustain the attachment and the allegation in their affidavit, as a ground therefor, that this defendant had disposed of his property with intent to defraud his creditors, the plaintiff claimed, and introduced evidence to prove, that the mortgages now set out in the plaintiff's petition were fraudulent both in fact and law; that said claim was controverted by this defendant; that a full hearing was had upon said question, the same was argued to the court by counsel; that this court expressly found and decided in said proceedings that said mortgages, set up in plaintiff's petition, were in law, though not in fact, fraudulent and void as against the other creditors of this defendant; that the lien of the plaintiff's attachment was superior to the lien of said mortgages, and upon that ground the court sustained said attachment and, on final judgment being given in said case, ordered the attached property sold for the payment of the same, from which judgment and order no appeal or proceedings in error were prosecuted by either party. Wherefore this defendant submits to the court that both plaintiff and this defendant, parties to said action, are bound and concluded by said finding and decision of this court therein, that the plaintiff is barred and estopped from claiming that the mortgages set out in the petition constitute any lien upon, or give any claim whatever to, the goods conveyed by the attachment and described in

the petition herein; that, as between the plaintiff and this defendant, all questions as to the ownership of the property seized under said attachment, and all questions as to the priority of right as between said mortgage and attachment liens has been fully adjudged and finally settled by the order of this court in said action. This defendant therefore prays that the plaintiff's petition be dismissed at its costs, and for such other or different relief as may be equitable in the premises."

To this answer the plaintiff filed a general demurrer. For Deere, Wells & Co. there was filed a general demurrer to the petition. On hearings the demurrer of Deere, Wells & Co. to the petition was overruled and that of plaintiff to Bishop's answer was sustained. Subsequently a stipulation was entered into between the plaintiff and Bishop and filed which was as follows: "It is hereby stipulated and agreed, by and between the parties to the above entitled cause, that the plaintiff shall take into its possession the property now held by the sheriff of Hamilton county, Nebraska, under and by virtue of a writ of attachment issued in a certain cause heretofore pending in this court, wherein the plaintiff herein was plaintiff, and the defendant herein, Alfred L. Bishop, was defendant; that said plaintiff shall be required to account for the sum of $1,450 in lieu of said property, and that the making and entering into this stipulation shall in nowise or manner abridge or affect any of the rights of either of the parties to this action, and that any judgment or order made in this cause shall operate upon said amount, and that the plaintiff shall be required to apply said amount as may be finally adjudged in said cause, in the same manner and to the same extent as any such judgment or order might be made as against said property."

Deere, Wells & Co. elected to stand on their demurrer and Bishop to stand on his answer and to plead no further; and on final submission of the cause the court adjudged that the plaintiff be subrogated to the rights of

Deere, Wells & Co. in and to the property taken under the writ of attachment in the former case of plaintiff against Bishop; that the property be released from the lien and levy of the attachment; and it was further stated in the judgment as follows: "The parties to this action having stipulated in writing, which stipulation is on file in this cause, that said property was of the value of $1,450 and that the same has been turned over to the plaintiff, it is ordered that said plaintiff make no further account for said property. Plaintiff then moved the court for judgment, and the award of execution for any deficiency yet remaining after applying said $1,450 upon the amount of said judgment for $3,500, together with its interest to this date, which motion the court overruled, and refuses to require said defendant Alfred L. Bishop to make further accounting, or be liable for the amount paid to said Deere, Wells & Co. other than the payment of said $1,450."

It is insisted that as to Deere, Wells & Co. the petition did not state a cause of action, hence it was an error to overrule its demurrer thereto. The contention on this point is to the effect that Deere, Wells & Co. was not further interested in the matter and was neither a proper nor necessary party to the action. Creditors to whose rights a party seeks to be subrogated are necessary parties to an action to obtain such subrogation. (*Harris v. Watson*, 20 S. W. Rep. [Ark.] 529; *Bond v. Montgomery*, 20 S. W. Rep. [Ark.] 525; *Kyner v. Kyner*, 6 Watts [Pa.] 227.)

Coming now to the main question raised and argued, viz., Was the appellant entitled to be subrogated to the rights of Deere, Wells & Co. under its mortgages as against Bishop, the mortgagee, and if so, to what extent? we will call attention to this: That it arises under a demurrer to the answer in which it is claimed that the appellant's attachment in an action in the same court in which this was instituted, and in which all parties in this were also parties, was adjudicated to be the superior lien;

that the mortgages by Bishop to Deere, Wells & Co. were, as to creditors of whom appellant was one, fraudulent and void; that having obtained such an adjudication the appellant cannot now assert to the contrary and enforce the mortgages. Whatever adjudication, if any, of the question of the liens on the property of the appellant's attachment and the mortgages of Deere, Wells & Co. prior to the trial of the action of conversion in the court in Iowa of the rights of the same parties, it being that taken under appellant's attachment and also mortgaged to Deere, Wells & Co., was, on the hearing of a motion to dissolve the attachment, overruled and there was no final order or judgment in the original action in this state until a date subsequent to the judgment rendered in the Iowa court. Appellant obtained a final judgment in the original action here prior to payment of the judgment in Iowa. The judgment in the original action in this state did not affect the question of the validity of the mortgages as between the immediate parties to them, the mortgagor and mortgagee; as between them they were not adjudged void or in any manner or degree disturbed or touched by the adjudication.

The right of subrogation is a creation of equity and independent of any contractual relations between the parties. (*Memphis & L. R. Co. v. Dow*, 120 U. S. 287, 7 Sup. Ct. Rep. 482.)

In *Ætna Life Ins. Co. v. Town of Middleport*, 8 Sup. Ct. Rep. 625, it was said: "The doctrine of subrogation in equity requires (1) that the person seeking its benefit must have paid a debt due to a third party before he can be substituted to that party's rights; and (2) that in doing this he must not act as a mere volunteer, but on compulsion, to save himself from loss by reason of a superior lien or claim on the part of the person to whom he pays the debt, as in cases of sureties, prior mortgagees, etc. The right is never accorded in equity to one who is a mere volunteer in paying a debt of one person to another."

In the case of *South Omaha Nat. Bank v. Wright*, 45 Neb.

23, this court said: "The doctrine of subrogation is not administered by courts of equity as a legal right, but the principle is applied to subserve the ends of justice and to do equity in the particular case under consideration. It does not rest on contract, and no general rule can be laid down which will afford a test in all cases for its application. Whether the doctrine is applicable in any particular case depends upon the peculiar facts and circumstances of such case." See also *Rice v. Winters,* 45 Neb. 517, where the doctrine announced in *Bank v. Wright* was followed, and it was further stated: "A person seeking the benefit of subrogation must have paid a debt due to a third party before he can be substituted to that party's right; and in doing this he must not act as a mere volunteer, but on compulsion to save himself from loss by reason of a superior lien or claim on the part of the person to whom he pays the debt. The right of subrogation is never accorded in equity to one who is a mere volunteer in paying a debt of one person to another."

We think that by the adjudication in the Iowa court in the action of conversion (it must be borne in mind that this occurred prior to any final order or adjudication in the court in this state of the respective rights of the litigants, the appellant and Deere, Wells & Co.) the appellant became entitled to the right and title of Deere, Wells & Co. by virtue of its mortgages to the property; this for the reason that in order to maintain its possession of the property it had been compelled to pay its value to Deere, Wells & Co. Bishop had transferred the property to Deere, Wells & Co. and was not further interested than that its value, its proceeds, should be applied in the extinguishment partially or wholly of his indebtedness to Deere, Wells & Co. The last mentioned party received its value, and to the appellant it seems but fair to accord the continued possession of the goods, and such right or title as it had, by paying the Iowa judgment paid a consideration for to Deere, Wells & Co.,—this was the right to the value or proceeds of the property. (See

*Adler v. Lang,* 28 Mo. App. 440.) The matters litigated in the Iowa action were the right to the possession of the property and its value, by being adjudged to pay its value to Deere, Wells & Co., and complying therewith appellant but became entitled to enforce the mortgages under which Deere, Wells & Co. had recovered, and this only against the property and to apply its proceeds to the payment of the amount which it had paid to Deere, Wells & Co. It had the property under its attachment, and by reason of such possession it was summoned to the Iowa court and there participated in a trial in which it was declared to be a wrong-doer and to make restitution to the party wronged. The value of the property was a matter directly in issue and, presumably after a full presentation, was fixed by the judgment of the court as between the two litigant companies. The property of Bishop was in effect applied at a determined valuation on his indebtedness to Deere, Wells & Co. The appellant became entitled by payment of the judgment to proceed against the thing involved as the bone of contention— the property; and to exhaust it in his repayment of the amount it had been forced to pay. Bishop could not and cannot complain, for it is but a payment of the debt which, by the execution and delivery of the mortgages, he said it should be taken to pay, in case of his failure or default in satisfying the same; but to allow the appellant to apply the property on the amount it paid to Deere, Wells & Co., the judgment of the Iowa court, and in a sum less than the value fixed by such judgment, and to recover from Bishop any sum a balance of the amount it paid, would be to take Bishop's property and to pay his debt with it in a stated sum and further require that he pay again a portion of the same debt. We are satisfied that appellant could claim and be accorded subrogation to the extent the property would satisfy the amount it paid Deere, Wells & Co., but not to enforce any part of it as a personal claim against Bishop. Bishop was not a party to the case in the Iowa court and could not

be and was not bound by any portion of the adjudication there, and might be heard to complain of the valuation placed on the property if so disposed; nor did the fact, as pleaded in the petition, that he was in attendance there at the trial as a witness, coupled with the further statement of the conclusion that he aided, abetted, and assisted Deere, Wells & Co. in obtaining the judgment, present any matter which can avail to bind him. (See *Schribar v. Platt*, 19 Neb. 625.)

It is argued for appellees that a long time elapsed between the date of the payment of the Iowa judgment by appellant and the time of this action, and the property was of such a character that it had greatly depreciated in value; hence it would be unfair to Bishop to have it applied at the depreciated valuation and he be compelled to pay the balance. This cannot be considered, for the reason that it is not of the pleadings and, consequently, has no place in the case. It is true that the parties stipulated that the appellant should be required to account for the sum of $1,450 in lieu of said property, but it was also of the stipulation that it should in nowise or manner abridge or affect any of the rights of either of the parties to the action, and no argument is made that it did so affect or change any of the rights of the parties, and we will leave it where the parties themselves have been content to leave it, with no particular comment on or discussion of it or its effect.

It follows from what has been said herein that the judgment of the district court was correct and will in all things be

AFFIRMED.