Argued February 26, affirmed March 18, rehearing denied April 15, 1924.

## W. L. COOPER v. F. W. SAGERT AND MILDRED F. JOHNSON.

(223 Pac. 943.)

**Judgment—Creditor Having Separate Judgments for Same Debt Against Parties Severally Liable can have but One Satisfaction.**

1. Although a creditor may recover many separate judgments for the same debt against parties severally liable, he can have only one satisfaction, and a payment by one, attended by satisfaction of the judgment against him only operates as a satisfaction and discharge of the other.

**Judgment—Assignee may Recover Amount Paid Assignor, Where Assigned Judgment Vacated.**

2. An assigned judgment may thereafter be vacated, reversed or set aside, and in such case assignee has a remedy against assignor to recover the amount paid for the judgment on ground of failure of consideration.

**Subrogation—Generally No Order of Subrogation Made Without All Parties Before the Court.**

3. Generally, a court of equity will not make an order of subrogation without having before it all the parties whose rights may be affected by the order.

**Subrogation—Complaint must State Facts Which Give Rise to Claim of Subrogation.**

4. A complaint to force a right of subrogation should state the facts which give rise to the right claim, and the equity must plainly appear, and proof thereof must correspond.

**Subrogation—Not a Substantive Right to be Enjoyed Independent of Judicial Proceeding.**

5. Subrogation is not a substantive tangible right of such nature and character that it can be seized and held and enjoyed independently of a judicial proceeding.

**Subrogation—Right of Surety by Payment to be Subrogated to the Creditor's Rights Stated.**

6. There are two distinct sets of facts by which a surety by payment may become subrogated to the rights of the creditor—one consisting of facts showing right to be subrogated to rights of the creditor in the securities held by the latter, and the other consisting of facts which show that the security may be enforced against the principal.

From Washington: George R. Bagley, Judge.

Department 2.

This is a suit to set aside a deed of 10 acres of land and to subject the land to the payment of a certain judgment. Upon motion of defendants for a judg-ment and decree upon the pleadings, a decree was rendered in favor of defendants and against plain-tiff, from which plaintiff appeals.

Affirmed.    Rehearing Denied.

5. The right to subrogation, note, 99 Am. St. Rep. 474.
See 23 Cyc. 1425, 1426, 1494; 37 Cyc. 389, 390, 391.

For appellant there was a brief and oral argument by *Mr. W. L. Cooper.*

For respondent there was a brief and oral argument by *Mr. Thomas H. Tongue, Jr.*

BEAN, J.—It appears from the complaint of plaintiff, W. L. Cooper, that on the —— day of June, 1917, one O. Ellenreider instituted a suit in the State of Washington against F. W. Sagert, and a deficiency judgment was rendered against F. W. Sagert on the fifteenth day of November, 1917, for the sum of $933.60, no part of which has been paid.

It is further alleged that about December ——, 1917, the said O. Ellenreider instituted an action in the Circuit Court of the State of Oregon for the County of Washington against the defendant F. W. Sagert, setting forth the deficiency judgment rendered in the Superior Court of the State of Washington for Clarke County, and in December, 1917, secured judgment against defendant F. W. Sagert for the sum of $933.60, together with interests and costs, that no part of said judgment has been paid or secured; that at the time the complaint was filed in Washington County an attachment was issued and levied upon a certain 10 acres of land in that county.

It is further alleged that on the fourth day of September, 1917, F. W. Sagert executed a deed of the 10-acre tract to defendant, Mildred F. Johnson, in fraud of the creditors of said F. W. Sagert, and particularly O. Ellenreider, with the knowledge of and notice to defendant Mildred F. Johnson.

Prior to the institution of this suit it is alleged O. Ellenreider for a valuable consideration, sold, assigned and transferred that certain judgment recov-

ered in the Circuit Court of the State of Oregon for Washington County on the —— day of December, 1917, against F. W. Sagert for the sum of $933.60, with interest and costs, to plaintiff W. L. Cooper, and prays that the deed from F. W. Sagert to Mildred . F. Johnson, conveying the 10 acres of land to be set aside and held for naught, and the judgment lien of this plaintiff be declared to be a superior lien upon the 10-acre tract.

Defendant F. W. Sagert answered, admitting the foreclosure suit mentioned in the State of Washington instituted by O. Ellenreider to foreclose two mortgages, naming as defendant in the suit, among others, M. Ritter, also known as Mike Ritter, and that a deficiency judgment was rendered against M. Ritter and defendant Sagert for approximately $933.63; but denies that no part of said deficiency judgment has been paid and alleges the same has been paid in full. Defendant also admits the rendition of the judgment in Washington County, Oregon, in favor of O. Ellenreider and against F. W. Sagert, based upon the deficiency judgment rendered in the State of Washington for the sum of $933.60, with interest and costs; admits the deed executed for Sagert to Mildred F. Johnson, and denies the allegations as to its being fraudulent.

For a further and separate answer the defendant alleges the facts in relation to the suit by O. Ellenreider in the Superior Court of the State of Washington for Clarke County against J. F. Rann and B. Barbara Rann, his wife, J. W. Rubish, F. W. Sagert, and Mr. Ritter, also known as Mike Ritter, for the foreclosure of a mortgage for the sum of $4,200 given by G. F. Rann, B. Barbara Rann and J. W. Rubish to Mike Ritter upon land in Clarke County, Wash-

ington, and also to foreclose a second mortgage for the sum of $800 given by F. W. Sagert to Mike Ritter upon the same land; both of which notes and mortgages had been sold and assigned to O. Ellenreider and that a decree was entered therein on the third day of October, 1917, in favor of plaintiff and against defendant, and thereafter the land was sold under execution for the sum of $3,500. Thereafter on November 15, 1917, the Superior Court of the State of Washington for Clarke County entered a deficiency judgment and decree in favor of O. Ellenreider for the sum of $1,488.59, and on the same day a decree and judgment was entered in the Washington court against F. W. Sagert and M. Ritter for the sum of $933.60, said M. Ritter having guaranteed the payment of said promissory note.

It is further alleged that on December 3, 1917, O. Ellenreider commenced an action in the Circuit Court of the State of Oregon for Multnomah County against Mike Ritter, *alias* M. Ritter, to recover $1,488.59 with interest, and the further sum of $800 with interest, and the sum of $100 as attorney's fees, on the second cause of action, being the sums remaining unpaid after the foreclosure of the mortgages in the State of Washington for which the deficiency judgment was rendered. That thereafter on November 15, 1917, judgment was regularly entered in Multnomah County in favor of O. Ellenreider as plaintiff and against Mike Ritter, *alias* M. Ritter, as defendant for the sum of $1,488.59, with interest at 6 per cent from the 15th of November, 1917, on the first cause of action, and the sum of $800 with interest, at 6 per cent from the 28th of October, 1916, together with interest at 6 per cent upon $24, from April 28, 1917, and the sum of $80 attorney's fees.

That said sum of $800 and interest and costs, on the second cause of action, in the suit above mentioned in Multnomah County, was for the same note for $800 given by this defendant, F. W. Sagert, to M. Ritter and by him assigned to O. Ellenreider, and is the same note upon which a deficiency judgment was entered in the Superior Court of the State of Washington for Clarke County; which plaintiff alleges has been sold and assigned by O. Ellenreider to him and upon which plaintiff bases his cause of action.

It is further alleged that thereafter execution was duly issued on the judgment in Multnomah County to the sheriff of that county and levied upon property of Mike Ritter, and said property was sold and execution returned satisfied in full by the payment of $2,493.74, besides the cost and expense of sale, which sum was paid by the clerk of Multnomah County to the attorneys for plaintiff O. Ellenreider; and that the judgment obtained on the $800 note in Multnomah County, and the judgment obtained in the Circuit Court of the State of Oregon for Washington County in favor of O. Ellenreider, and against F. W. Sagert, have all been fully paid, satisfied and discharged.

The answer of the defendant, Mildred F. Johnson, is the same in substance as that of F. W. Sagert, except as to the allegations relating to the sale of the 10-acre tract of land which are not necessary to be detailed here.

It will, therefore, be seen that O. Ellenreider obtained a judgment for the $800 note in Washington County against F. W. Sagert, and that the said O. Ellenreider obtained a judgment upon the same $800 note in Multnomah County against M. Ritter, or Mike Ritter, and that the judgment in Multnomah County was satisfied and paid in full. This is admitted by

the plaintiff in his reply. Therefore, when O. Ellen-reider assigned the judgment in his favor against F. W. Sagert in Washington County to the plaintiff, W. L. Cooper, that judgment in Washington County had been satisfied and paid, and O. Ellenreider had no right to collect anything thereon.

1. Although a creditor may recover many separate judgments for the same debt against parties severally liable, he can have only one satisfaction, and a payment by one, attended by satisfaction of the judgment against him only, operates in law as a satisfaction and discharge of all the others. They are regarded as merely cumulative: *Cox* v. *Smith,* 10 Or. 418; 2 Freeman on Judgments (4 ed.), § 467. In *Cox* v. *Smith, supra,* it was held that a judgment creditor may insist on the satisfaction of either judgment, by having accepted satisfaction of a particular one, all recourse on the others, however much larger or more favorable to his interest, was gone, and the attempted reservation of "rights" with respect to the other judgments was necessarily inoperative, as they had all merged in the satisfaction and were no longer in existence.

2. W. L. Cooper, the assignee of the judgment in favor of O. Ellenreider against F. W. Sagert in Washington County, stands in no better position than his assignor. An assigned judgment may thereafter be vacated, reversed or set aside. In such case the assignee has a remedy against the assignor to recover the amount paid for the judgment on the ground of a failure of consideration: *King* v. *Miller,* 53 Or. 53 (97 Pac. 542), 223 U. S. 505 (56 L. Ed. 528, 32 Sup. Ct. Rep. 243, see, also, Rose's U. S. Notes); 23 Cyc. 1424; *Weber* v. *Tschetter,* 1 S. D. 205 (26 N. W. 201).

Apparently for the first time the question of the right of subrogation is argued in plaintiff's brief,

111 Or.—3

suggesting that plaintiff W. L. Cooper is entitled to the same right that M. Ritter would be by reason of Ritter having indorsed the $800 note to O. Ellenreider. There is no suggestion of the right of subrogation in plaintiff's complaint or in the pleadings. It is not shown that plaintiff brought suit in the interest of or for the benefit of Mike Ritter, or that Mike Ritter as surety or indorser on the note has any interest in this suit or in the judgment assigned to plaintiff. For aught that appears whatever right M. Ritter may have in the premises may have been assigned to a party other than the plaintiff.

3. As a general rule a court of equity will not make an order of subrogation without having before it all the parties whose rights may be affected by the operation of such order, since it would be inequitable and unjust to dispose of their rights without their having an opportunity to be heard.

4. A complaint to force a right of subrogation should state the facts which give rise to the right claim, and the equity must plainly appear. Also the proof must correspond to the pleading: 20 Ency. Pl. & Pr., pp. 997–999; 37 Cyc. 390; 25 R. C. L. 1395, § 78; *Wilkin* v. *Owens,* 102 Tex. 197 (114 S. W. 104, 115 S. W. 1174, 117 S. W. 425, 132 Am. St. Rep. 867); *Harris* v. *Watson,* 56 Ark. 574 (20 S. W. 529); *Aultman* v. *Bishop,* 53 Neb. 545 (74 N. W. 55).

5. The modern rule seems to be that a surety by payment does not become *ipso facto* subrogated to the rights of the creditor, but only acquires a right to such subrogation, and that before the substitution or equitable assignment can actually take place he must actively assert his equitable right thereto.

6. It is not a substantive tangible right of such a nature and character that it can be seized and held

and enjoyed independently of a judicial proceeding. For this purpose, resort must be had to a civil action. There are two distinct sets of facts in such cases; one consists of those facts that show the right to be subrogated to the rights of the creditor in the securities held by the latter; the other consists of those facts which show that the security may be enforced against the principal: 25 R. C. L., p. 1391, § 74. The facts showing the right of subrogation are not pleaded and the question does not arise in this case.

The judgment of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BROWN and McCOURT, JJ., concur.