# F. W. SEITHER v. PHILAD. TRACTION CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADEL-
PHIA COUNTY.

Argued March 28, 1889—Decided April 8, 1889.
[To be reported.]

1. While separate suits may be brought against several defendants
   for a joint trespass, yet whenever the plaintiff has actually received
   from one of them satisfaction for the injury he sustained, the cause of
   action is discharged against all.
2. Where the plaintiff, a passenger, was injured in a street-car col-
   lision, and for a sum of money paid released the carrier company from
   all liability for the injury, he thereby discharged the liability of the
   other company also.
3. The rule is applicable, notwithstanding evidence is offered that the
   other company was the company whose negligence or default alone
   occasioned the accident, and although the right of action against it was
   expressly reserved.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 121 January Term 1889, Sup. Ct.; court below, No.
972 March Term 1887, C. P. No. 1.

On April 25, 1887, Frederick W. Seither brought trespass
against the Philadelphia Traction Company, the narr declaring
for personal injuries received through the alleged negligence
of the defendant company. On November 4, 1887, the defend-
ant pleaded, not guilty.

At the trial on October 3, 1888, the facts appearing were as
follows, to wit:

On February 23, 1887, Frederick W. Seither, the plaintiff,
took passage in one of the horse cars of the Peoples Passenger
Railway Company, going south on Fourth street. When the
car reached the intersection of the track on Fourth street with
the north track on Market street of the Philadelphia Traction
Company, defendant, it was violently run into by a traction
car of the defendant company going west on said north track

on Market street. The Fourth street car was partially thrown from the track and the plaintiff injured in the spine, the permanent and serious character of the injury being established by a number of experts. Plaintiff brought two separate suits, one against the Peoples Passenger Railway Company and the other against the Philadelphia Traction Company. The suit against the Peoples company was first pushed to trial " for the reason that that company being the carrying company and the law presuming negligence against the carrier in favor of the passenger, the plaintiff was thus relieved from the burden of showing negligence which in an action against the colliding company he would be obliged to show, and which, in the then state of his information, it would in all probability have been very difficult for him to show." The case went to the jury on the presumption stated and a verdict was rendered in favor of the plaintiff for the $14,000. A new trial was granted on application of the Peoples company, no opinion being filed by the court. Subsequently an agreement was entered into between the Peoples company and the plaintiff, which, reciting the collision and injury; that the Peoples company contended that it was without fault in the matter; that the Traction company was alone responsible, and that the Peoples company was desirous that the cause be pushed against the Traction company; set forth that, in consideration of $6,000 paid to the plaintiff by the Peoples company, he thereby released said company from all liability whatever for damages on account of said injuries, and concluded:

" It being understood, however, that the payment hereinabove mentioned is not in anywise an admission of any liability by the said company, but on the contrary the said company declares that it has been in nowise negligent, and that it is in nowise responsible by reason of said accident.

" And in consideration of the premises I, the said Frederick W. Seither, hereby assign, transfer and set over to the Peoples Passenger Railway Company so much of the amount I shall recover against the Philadelphia Traction Company as may reimburse the said the Peoples Passenger Railway Company the said sum of six thousand dollars above mentioned, together with interest thereon and the costs, fees and expenses by the said company laid out and to be laid out and expended;

reserving to myself, however, the ownership and right to all sums in excess of said amounts required for reimbursement as aforesaid. And I promise in good faith to proceed in said action against the said the Philadelphia Traction Company, hereby authorizing the said the Peoples Passenger Railway Company to prosecute the same for its use according to the terms of this agreement, with power to use my name in such prosecution.

" Witness my hand and seal the twenty-third day of February, 1888.

[Signed] FREDK. W. SEITHER. JR. [L. S.]"

As soon as this agreement was executed, a copy of it was sent to counsel for the Philadelphia Traction Company and notice given him that the case against that company would be pressed to trial.

The plaintiff offered evidence showing that he was a passenger in the Peoples company's car, the fact of collision, the injuries sustained, and that the accident was solely and entirely due, as was claimed by the plaintiff, to the negligence of the Traction company, and that the Peoples company was without fault.

The defendant put in evidence the foregoing agreement between the plaintiff and the Peoples company, called a witness as to the circumstances under which the accident occurred, and rested.

The case being closed on the evidence, the court, BIDDLE, J., instructed the jury to find a verdict for the defendant.

A verdict for the defendant having been returned and judgment entered thereon, the plaintiff took this writ, assigning the instruction to the jury to find for the defendant as error.

*Mr. P. F. Rothermel, Jr.*, for the plaintiff in error:

The evidence offered by the plaintiff proves that while riding in a car of the Peoples company he was injured by a collision due entirely to the negligence of the Traction company, the carrying company and its agents being absolutely without fault. The evidence offered by the defendant but mildly questions, if it does not substantially admit, the negligence as proved by the plaintiff, and it rests its case upon the agreement between the plaintiff and the carrying company.

1. That satisfaction obtained from or the release of one of two joint tort-feasors will bar recovery against the other and that there can be no contribution between joint tort-feasors, is a principle of law which it is not here pretended to question. The principle was first clearly stated in Merryweather v. Nixan, 8 Term R. 186 (2 Sm. L. C. 459). But it is clear, that in order that the court below might apply the principle, take the case from the jury and instruct them to find a verdict for the defendant, it was necessary that it should usurp the province of the jury and find, as a fact, that the positive, direct and uncontradicted evidence showing that the negligence was solely and entirely that of the defendant company was untrue. No authority can be cited to sustain such a course.

2. The evidence should have been submitted to the jury for them to find the facts, under instructions that if they believed both companies were guilty of negligence, their verdict should be for the defendant, not only because of the doctrine as to joint tort-feasors, but also because of the rule that where the carrier company and another contribute to an injury by their joint negligence, there can be no recovery except against the carrier company : Lockhart v. Lichtenthaler, 46 Pa. 151 ; Phil. & R. R. Co. v. Boyer, 97 Pa. 91. But the release of one who was not a tort-feasor, though sued with others who were, will not bar a recovery against the others : Turner v. Hitchcock, 20 Ia. 315 ; Wilson v. Reed, 3 Johns. 175.

3. But it is claimed that the plaintiff has received one satisfaction of his claim and cannot recover another. That a suitor can have but one satisfaction cannot be disputed, and there is no distinction in the application of this principle, whether the action be founded on contract or tort. But the mere payment of a sum of money, whether or not as a satisfaction, will not, against the intention of the parties, preclude a recovery in the name of the plaintiff, with the same cause of action as a basis, against a person justly liable for the default. The sole exception to the rule is in the case of certain joint tort-feasors, between whom the law will not enforce contribution, because of the principle, ex turpi causa non oritur actio.

4. But contribution is permitted as between tort-feasors, where one of them has himself, personally, been guilty of no wrong, but is a tort-feasor by inference of law only; as, for

instance, where a master has been held responsible for the negligence of his servant, he can recover over against the servant; or, where a partner has been held for the negligence of a servant of the partnership, he is entitled to contribution from his fellow partners: See Armstrong Co. v. Clarion Co., 66 Pa. 218; Horbach v. Elder, 18 Pa. 33; Pearson v. Skelton, 1 M. & W. 504; Grindley v. Bloomington City, 68 Ill. 47; Minneapolis Mills Co. v. Wheeler, 31 Minn. 121. These cases rest upon the same principle precisely as those governing actions founded on contract, and enforcing contribution among joint debtors. "Contribution is fixed on general principles of natural justice, and does not spring from contract:" Armstrong Co. v. Clarion Co., supra.

5. The same argument might with equal force be urged to defeat a recovery by one who, having been insured against fire, and having been paid his loss, is pursuing his action for his insurer's benefit, against the person whose negligence or default caused the loss; yet the right to such an action cannot be questioned. Clearly the advance or payment, as a gift or as an indemnity from an insurer, or for any reason other than satisfaction of the claim against the wrong-doer, by one not liable, could not make the party advancing the money guilty of the wrong, and upon what principle of law could the wrongdoer claim the benefit of it? Yet the plaintiff would be twice compensated for his loss. This principle has been repeatedly settled in analogous cases: Harding v. Townshend, 43 Vt. 536 (5 Amer. R. 304); Clark v. Blything, 2 B. & C. 254; Yates v. Whyte, 33 E. C. L. R. 349; Propeller v. Mollison, 17 How. 152.

*Mr. David W. Sellers,* for the defendant in error:

1. In Milliken v. Brown, 1 R. 394, although a case arising on a cause of action ex contractu, there is a general recognition of the doctrine that an absolute release of one tort-feasor is a release of all. Although the doctrine of Milliken v. Brown has been qualified in the subsequent cases of Burke v. Noble, 48 Pa. 168; Greenwald v. Kaster, 86 Pa. 45, as to releases ex contractu, and although the power of creditors to discharge one of joint debtors without releasing all, has been conferred by the act of March 22, 1862, P. L. 167, yet no modification of

the doctrine stated as to torts has taken place. It was announced in 1821 in Cridland v. Floyd, 6 S. & R. 412, and from it has grown the doctrine stated in North Penn. R. Co. v. Mahoney, 57 Pa. 189: " Neither is the plaintiff ·precluded from recovery against one joint tort-feasor by showing that others have borne a share in it."

2. On the suggestion, that the plaintiff having received full satisfaction cannot recover a second time, it may be remarked that in the discussion of all the cases, it seems to be conceded that where the injured party has received recompense for the injury, his cause of action is always ended against others who might have been sued or were sued; the only struggle has been against the doctrine that a release without actual consideration, or a judgment against an insolvent should have that effect: Addison on Torts, § 1353; Fox v. Northern Liberties, 3 W. & S. 103; Lovejoy v. Wallace, 3 Wall. 1; Cooley on Torts, 139. The question has been well considered in a case similar to the present one: Tompkins v. Railroad Co., 66 Cal. 165. In that case a woman was injured in a collision of street cars, and her receipt of compensation from the carrier company, with her release of that company alone from liability, barred her recovery from the other.

PER CURIAM:

The rule is well settled that while separate suits may be brought against several defendants for a joint trespass, and there may be a recovery against each, yet the plaintiff can have but one satisfaction : Livingston v. Bishop, 1 Johns. 290. And whenever the plaintiff has actually received satisfaction for the injury he has sustained, the cause of action is discharged: Fox v. The Northern Liberties, 3 W. & S. 103; Addison on Torts, § 1353.

The plaintiff, while riding as a passenger in a car of the Peoples Passenger Railway Company, was injured by a collision of said car with a car of the Philadelphia Traction Company, defendant. He brought suit against both companies, and recovered a verdict of $14,000 against the company first named. This verdict was set aside by the court, probably because of its excessive amount, and a new trial granted. The plaintiff then settled with the said company (the Peoples),

was paid $6,000 in full of all claim against it, and executed a release in its favor. He also by said paper agreed to prosecute his claim against the Traction company, and in case he should recover against it he was to reimburse the Peoples company for the wrong he received from it; the balance, if any, over the $6,000 he was to retain for his own use. The court below held very properly that this agreement and release was a bar to a recovery in this action.

The plaintiff had received one satisfaction, he was not entitled to a second. In his suit against the carrying company the plaintiff could only have recovered a verdict by showing that the collision was caused by its negligence; in other words that the Peoples company and not the Traction company was in fault. In the opening sentence of the printed argument in this case, we find the following: " The evidence offered by the plaintiff proves that while riding in a car of the Peoples company, he was injured by a collision due entirely to the negligence of the Traction company, the carrying company and its agents being absolutely without fault." At the time this paragraph was written the plaintiff had in his pocket the sum of $6,000 which he had received from the company which he now says was " absolutely without fault." A case so unique as this might be supposed to stand alone in the books. Tompkins v. Railroad Co., 66 Cal. 165, is, however, its exact counterpart. There a woman was injured by a collision of street railway cars. She received compensation from the carrying company and executed a release. She then sued the other railway company, contending that her release was not intended as a satisfaction, but, because the carrier was without fault, and the existing defendant was the real wrong-doer. The court held, in a vigorous opinion, that she could not recover. So we say here. The plaintiff was not entitled to recover, and the learned court below was entirely right in directing a verdict for the defendant.

Judgment affirmed.