FRANK J. HETZEL, APPELLEE, V. SOPHIA L. BENNETT, ADMINISTRATRIX; GEORGE M. FADNER, APPELLANT.

FILED DECEMBER 24, 1913. No. 17,474.

Judgment: REVIVOR. A judgment was rendered upon an account in an action aided by attachment. The goods attached were replevied from the sheriff by a third party claiming to own the same. The sheriff obtained judgment in the replevin action for the value of the goods, which judgment was assigned to the original plaintiff. An action was afterwards brought by the original plaintiff against the sureties upon the replevin bond, which resulted in a judgment in an amount in excess of the first one, and which was afterwards satisfied by the plaintiff for a valuable consideration. Following this satisfaction the replevin judgment was assigned to A., and the original judgment was assigned to B., who satisfied the same of record. *Held,* That under these facts the judgment in the replevin case was satisfied and the assignee was not entitled to a revivor of the same.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*William Baird & Sons,* for appellant.

*Lyle I. Abbott* and *I. J. Dunn, contra.*

LETTON, J.

This action was brought by the assignee of a judgment to procure a revivor. The facts are as follows: In 1892 D. M. Steele & Company, a copartnership, brought an action against Levi G. Hetzel and obtained judgment against him for the sum of $4,108.89. A stock of goods belonging to him, which was then in possession of Frank J. Hetzel, was attached in the action. Frank J. Hetzel replevied the attached goods from the sheriff, who died. The suit was then revived in the name of his administratrix, who recovered a judgment for return of the property taken and damages in the sum of $2,555.56, and, in case of failure to return, for $10,800.98, with interest. Afterwards the administratrix, by order of court, assigned to D. M. Steele & Company a portion of this judgment, amounting to $4,024.08, with interest from November 4, 1892. Before the beginning of the replevin suit and the assignment of the judgment, the Steele-Smith Grocery Company, a corporation, succeeded to the copartnership of D. M. Steele & Company, and took over and became the owner of all its assets, including the judgments against the Hetzels. On January 29, 1903, John M. Steele, an original member of the firm of D. M. Steele & Company, assigned the judgment against Frank J. Hetzel to the appellant George M. Fadner for a consideration of $250. After the assignment to Fadner, on May 8, 1903, Lysle I. Abbott, as attorney for Frank J. Hetzel, procured an assignment of the original judgment against Levi G. Hetzel from the Steele-Smith Grocery Company, and also procured an assignment of the judgment against Frank J. Hetzel, which appellant now seeks to revive. These judgments were both discharged and satisfied of record, except as to costs, by Abbott on May 8, 1903. In August, 1898, an action was instituted in the district court for Douglas county by D. M. Steele & Company against Walter L. Selby and Jane Johnson, administratrix of Frank C. Johnson, deceased, as sureties upon the replevin bond given by

52

Frank J. Hetzel, to recover the sum of $4,024.08, with interest, being that portion of the judgment recovered by the sheriff's administratrix against Frank J. Hetzel and assigned to D. M. Steele & Company. In that action judgment was rendered against Walter L. Selby in favor of D. M. Steele & Company for $5,736.66, with interest, and the cause was continued for service as to the other defendant.

On December 4, 1898, a satisfaction of this judgment was filed in the district court, signed "D. M. Steele & Company, by Dudley Smith, member of said firm," which recited that, in consideration of the assignment to plaintiff of two certain bonds of indemnity, "D. M. Steele & Company releases and acknowledges full satisfaction of the certain judgment rendered in its favor in the above entitled case against the said Walter L. Selby, and the clerk of said court is hereby empowered and directed to release the judgment upon the presentation of this paper to him."

The court found, in substance, that the assignment to Fadner made by John M. Steele was ratified by the Steele-Smith Grocery Company; that the assignment to Abbott of the judgment against Levi G. Hetzel was made after the assignment of the judgment against Frank J. Hetzel to appellant, and after Frank J. Hetzel had notice thereof; that the two judgments to the extent of $4,108.89 were for the same indebtedness; that the assignment and release of the judgment against Levi G. Hetzel "was, in legal effect, a payment and satisfaction of the replevin judgment in the case of Sophia L. Bennett, administratrix, against Frank J. Hetzel, which was assigned to D. M. Steele & Company; that the satisfaction of the judgment in the main case against Levi G. Hetzel carried with it all dependent questions, of which the Frank J. Hetzel judgment was one." The petition for revivor was denied. Fadner appeals.

Appellant's brief is mainly devoted to establishing the proposition that the assignment made to him by John M. Steele of the Frank J. Hetzel judgment was authorized

and ratified by the Steele-Smith Grocery Company, and that the later assignment to Abbott by the Steele-Smith Grocery Company of the judgment against Levi G. Hetzel with notice of the assignment of the other judgment, and the satisfaction of the Levi G. Hetzel judgment by him, could not operate to defeat the assignment to appellant. We are of opinion that the evidence supports the finding of ratification, but that this is really immaterial under the legal principles involved.

The judgment in the replevin case against Frank J. Hetzel and the judgment in the action upon the replevin bond against the surety were both rendered in aid of the collection of the principal debt evidenced by the judgment against Levi G. Hetzel. As long as all three judgments stood unsatisfied upon the court records, D. M. Steele & Company were entitled to one satisfaction, but it could not at the same time receive a valuable consideration for the satisfaction and release of one and at the same time keep in force and effect another judgment based fundamentally upon the same cause of action. The assignment of the judgments could not alter this condition. 2 Freeman, Judgments (4th ed.) sec. 467; *Craft v. Merrill*, 14 N. Y. 456; *Bones v. Aiken*, 35 Ia. 534; *First Nat. Bank v. Indianapolis Piano Mfg. Co.*, 45 Ind. 5; *Cox v. Smith*, 10 Or. 418. The satisfaction of any one of the three judgments would have satisfied the others, except, perhaps, as to the matter of costs. The assignee of any one of them took it subject to this contingency, since he could have no greater rights than his assignor. In this case two of the three judgments have been satisfied of record—first, the judgment on the replevin bond; and, second, the judgment against Levi G. Hetzel in the original action. The satisfaction of any one of these judgments was a satisfaction *pro tanto* of all, and the appellant is not entitled to a revivor.

The judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.