## Randall *v.* Fenton Storage Co., Appellant.

Argued October 21, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas O. Haydock,* for appellant.

*Robert W. Greenfield,* with him *Romain C. Hassrick,* for appellee.

OPINION BY PARKER, J., January 31, 1936:

Margaret Randall, the plaintiff, in an action in trespass for malicious prosecution recovered a judgment against Fenton Storage Company for $1,000 and issued an execution. The defendant then presented a petition to the court below asking for a rule to show cause why the judgment should not be marked satisfied and the execution quashed. In support of the prayer it was al-

leged that at the same time that plaintiff obtained the judgment against the defendant she obtained another judgment against Milton B. Seligman for $300; that the two judgments were entered upon verdicts rendered in two separate suits tried before one jury and covered the same state of facts and involved but one tort, an alleged malicious prosecution of the plaintiff; that creditors of plaintiff (among whom was Fenton Storage Company) attached the money due from Seligman to plaintiff on her judgment against him; that after the usual proceedings the entire amount of the judgment against Seligman was paid by him to the attaching creditors and the judgment satisfied; and that the two judgments were on account of one tort committed by two joint tort feasors and the satisfaction of the Seligman judgment satisfied the claim against Fenton Storage Company. To this petition the plaintiff replied averring that Seligman and Fenton Storage Company were not joint tort feasors, but that the tort was committed by Seligman and the corporation was liable on the theory of *respondeat superior;* that plaintiff did not satisfy the Seligman judgment, the same having been done by order of court. Judge STERN, of Common Pleas No. 2, Philadelphia, refused to allow the corporate defendant to have the judgment satisfied but directed a credit of $300 to be allowed on account of the sum collected in the attachment proceedings.

The case was correctly decided by the learned judge of the court below. We deem it unnecessary, however, to decide whether Seligman and the corporation were jointly liable. Whether they acted jointly or the corporation was liable alone upon the principle of *respondeat superior,* the plaintiff is entitled to but one satisfaction: Seither v. Phila. Traction Co., 125 Pa. 397, 17 A. 338; Kennedy v. Philipy, 13 Pa. 408; Williams v. LeBar, 141 Pa. 149, 21 A. 525; Brennan v. Huber, 112 Pa. Superior Ct. 299, 171 A. 122.

We are in entire agreement with the appellant to the

effect that in joint actions of trespass all defendants are alike guilty and each is liable for damages sustained without regard to the different degrees or shades of guilt, and that the verdict should be for one amount against all the defendants for such sum as the most culpable ought to pay: McCarthy v. DeArmit, 99 Pa. 63, 72. There is an exception to this rule which is that when a joint action is maintained and exemplary damages are claimed, they are to be assessed according to the acts of the most innocent of the defendants: Huddleston v. Boro. of West Bellevue, 111 Pa. 110, 123, 2 A. 200; MacHolme v. Cochenour, 109 Pa. Superior Ct. 563, 570, 167 A. 647. It is true, however, that two persons may be liable, one for punitive damages and the other only for compensatory damages, of which a familiar example is the case where a plaintiff is arrested by a police officer and another, one acting in good faith and the other maliciously. In such case, if the plaintiff means to get exemplary damages he should proceed against them separately: McCarthy v. De-Armit, supra; Clark v. Newsam & Edwards, 1 Exc. 130.

Not only was this action not a joint one, but we are not now concerned with the consistency of the verdicts that were rendered. The judgments entered thereon were appealed to this court (117 Pa. Superior Ct. 212, 177 A. 575) and affirmed, and no question was raised at any stage of the proceedings as to any inconsistency in the verdicts. It is now too late to raise those questions. The fact is that the plaintiff had separate judgments against each defendant. While it is well settled and has so frequently been decided that it is not necessary to cite authorities that a plaintiff can recover but one satisfaction from joint defendants, or from a master and servant or principal and agent, the question here for consideration is as to the rights of the plaintiff with respect to the two judgments.

We are of the opinion that the plaintiff had her elec-

tion *de melioribus damnis,* that she may elect to proceed on the judgment which is most favorable to her. If the corporation and Seligman were joint tort feasors, as the appellant very strenuously argues, then there can be no question about the rule. "For joint trespassers are liable either jointly or severally to the party injured. He [plaintiff] may, therefore, sue each separately, at the same time, or consecutively, and prosecute his suit against each to judgment; and having obtained judgment against each, he has a right to elect to proceed by execution to enforce payment of any one of the judgments he pleases, and, in doing so, will select, as we may suppose, that judgment which he shall consider the most favourable for him": Fox v. Northern Liberties, 3 W. & S. 103, 106. By like reasoning, it seems equally clear that even though they were not joint trespassers, the plaintiff here should have the same right of election. It must be admitted that there was an inconsistency in the verdict and that the verdict should not have been larger against the corporation than against Seligman unless the jury awarded exemplary damages against the corporation. This matter was disposed of upon petition and answer and the pleadings do not furnish sufficient information to account for the inconsistency, but the fact remains that the judgments were finally entered and no question was raised as to any inconsistency. As the court below said: "There would seem to be no reason either in law or in logic to hold that the smaller verdict was the right one and that the larger one was wrong, or that the corporate defendant should be allowed to benefit by reason of the fact that less damages were awarded to the plaintiff in the suit against the individual defendant than in the suit against itself."

There remains the further question as to whether there was an election, or the equivalent of an election, by the plaintiff to proceed on the smaller judgment. On May 21, 1935, a short time after the return of the rec-

ord from this court, creditors issued an attachment execution upon the Seligman judgment, and on May 23 the Fenton Storage Company also issued an attachment execution on the same judgment. On May 28, 1935, the plaintiff issued execution on the Fenton Storage Company judgment only, thereby indicating her desire to have the benefit of the larger judgment. On the following day the Fenton Storage Company presented a petition asking permission to pay the amount of the judgment into court and for a stay of execution on the writ of fi. fa. A rule to show cause was granted and thus plaintiff was prevented from further proceedings thereon. The money was not paid into court, but thereafter the attachment proceedings were pursued to judgment and the Seligman judgment was satisfied. It will be noted that plaintiff issued execution on the larger judgment before the rights of the attaching creditors were adjudicated and the Seligman judgment appropriated to their payment. We do not believe that the action of creditors deprived the plaintiff of her right to choose the judgment which she would pursue. To hold otherwise would, in effect, be to deprive plaintiff of any right of election. A similar question would have been presented if Seligman had tendered the amount of the judgment against him to the plaintiff and then paid the money into court and asked to have his judgment satisfied before plaintiff made her election. We are all of the opinion that the attachment proceedings on the Seligman judgment did not deprive the plaintiff of her right of election. Certainly justice has been done by requiring the plaintiff to allow a credit of $300 on the larger judgment and to this action of the court the plaintiff has not objected.

Order affirmed at costs of appellant.