148 So.2d 293 (1963)
LEO JAY ROSEN ASSOCIATES, INC., a Florida corporation, Petitioner,
v.
John M. SCHULTZ and Sam Levin, Respondents.
No. 62-522.
District Court of Appeal of Florida. Third District.
January 8, 1963.
Rehearing Denied January 24, 1963.
*294 Abraham H. Shukat, Miami Beach, for petitioner.
Williams, Salomon, Kenney & Lindzon, Feibelman, Friedman, Hyman & Durant, Miami, for respondents.
Before PEARSON, TILLMAN, C.J., and CARROLL and HORTON, JJ.
CARROLL, Judge.
The petitioner, Leo J. Rosen Associates, Inc., filed an action at law in the circuit court in Dade County against the respondents John M. Schultz and Sam Levin and against three other persons, Jack Mintzer, Ethel Chisling and Norman Schafler. The action was based on a contract under which petitioner rendered advertising services to I.L.M. Corp. which operated a motel. The individuals named above, who are officers, directors, and principal stockholders in the motel corporation, were parties to the contract and with the motel corporation became liable thereon jointly and severally. The complaint alleged that a balance of $9,930.92 with interest was due plaintiff for services rendered under the contract. On January 3, 1961, a default judgment was entered against the respondent Schultz for $10,460.42. On April 11, 1961, a summary judgment was entered against the respondent Levin for $10,625.92. Pursuant to stipulations, orders of dismissal with prejudice were entered in favor of the remaining three defendants. On March 27, 1962, petitioner satisfied the judgment against Levin.[1]
Thereafter, the petitioner sued out writs of garnishment against creditors of the respondent Schultz and obtained judgments against certain of the garnishees. Schultz moved to dissolve the garnishments, to set aside the judgments against the garnishees, and for repayment of sums which the garnishees had paid to petitioner, contending satisfaction of the Levin judgment had satisfied and released the judgment rendered against him (Schultz). Petitioner then moved to amend the satisfaction of the Levin judgment supporting the motion with an affidavit representing that the satisfaction to Levin had been given in connection with a compromise and not for *295 full payment of the judgment, and had not been intended as a full satisfaction. The trial court entered an order granting Schultz' motion to dissolve and set aside the garnishment writs and judgments and denied petitioner's motion to amend or alter the satisfaction. This was done at a hearing on the pleadings and arguments of counsel without taking further testimony. In this certiorari proceeding petitioner seeks review of that order.
The determinative question is whether, when judgments have been rendered against two parties who are jointly and severally liable on an obligation, a full satisfaction of one of the judgments operates to release and satisfy the judgment rendered against the other.[2] No Florida decisions have been furnished us on this precise question, but under established law the satisfaction of the judgment against Levin operated to discharge the judgment against Schultz, and the trial judge was eminently correct in so holding. Webber v. Commonwealth, 265 Ky. 696, 97 S.W.2d 422 (1936); Ryan v. Annelin, 228 Mass. 591, 118 N.E. 257 (1918); Vette v. J.S. Merrell Drug Co., 137 Mo. App. 229, 117 S.W. 666 (1909); Mann v. Bank of Greenfield, 323 Mo. 1000, 20 S.W.2d 502 (1929); Chilton v. Cady, 298 Mo. 101, 250 S.W. 403 (1923); Hetzel v. Bennett, 94 Neb. 768, 144 N.W. 800 (1913); Cooper v. Sagert, 111 Or. 27, 223 P. 943 (1924); Randall v. Fenton Storage Co., 121 Pa.Super. 62, 182 A. 767 (1936); 2 Freeman, Judgments § 1126 (5th Ed. 1925); 30A Am.Jur., Judgments § 1007; Restatement, Judgments § 95. In 2 Freeman on Judgments, supra, the author summarizes the rule as follows: "Where two judgments have been obtained for the same cause of action or debt, the payment or satisfaction of one operates as a satisfaction of the other * * *." On the record before him, the trial judge correctly denied petitioner's motion to amend the satisfaction piece from a full and complete satisfaction of judgment to a partial satisfaction.
Accordingly, certiorari is denied and the petition dismissed.
It is so ordered.
NOTES
[1] The form of the satisfaction of judgment was as follows:

"Know All Men by These Presents, That Abraham H. Shukat, as attorney of record for the Plaintiff in the above-styled cause, does hereby accept full and complete satisfaction of that certain judgment heretofore entered in the above-styled which said Judgment is dated April 11, 1961, and recorded in the Official Records of Dade County, Florida, Book 2596, on Page 291, together with costs amounting to $16.00; and the Clerk of said Court is hereby authorized and directed to note the satisfaction and cancellation of said judgment of record.
"In Witness Whereof, the said Abraham H. Shukat, as attorney of record for the said Plaintiff, has hereto set his hand and seal, at Miami Beach, Dade County, Florida, this 27th day of March, 1962."
[2] § 54.28, Fla. Stat., F.S.A., dealing with the effect of a release of one joint tort-feasor is not applicable for reasons which are obvious from the wording of the statute.